PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

**FILED**
04/05/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

**United States District Court**    District **Southern District of Indiana**

Name: Steven Charles Clear    Prisoner No. 146800    Case No. 2:23-cv-00172-JMS-MG

Place of Confinement: Putnamville Correctional Facility; Greencastle, Indiana 46135

Name of Petitioner: Steven Charles Clear    Name of Respondent: Warden Dushan Zatecky

V.

The Attorney General of the State of Indiana

# PETITION

1. Name and location of Prison Disciplinary Body, which determined guilt:
   Putnamville Correctional Facility; 1946 West U.S. Hwy. 40; Greencastle, IN 46135

2. Date of Guilt determination:
   10-25-2022

3. Sanctions imposed:
   15-day GTL restriction and written reprimand both added to Offender's permanent record resulting in a housing change from an Honor Dorm to an STG/Disciplinary Idle dorm.

   The unofficial sanction—the housing change—is a far more severe punishment for this arbitrary finding of guilt than the GTL tablet restriction or the written reprimand that are both insignificant.

   In nearly 4-years at the Putnamville Correctional Facility I have never been associated with stg gang activity, and I have only been classified as idle for less than 30-days for the short delay between programs or positions. The housing change has been inappropriate under these circumstances.

4. Nature of rule infractions involved (all counts):
   C-347: Refusing an Order

5. What was your plea? (Check one)
   ✔ Not guilty
   ☐ Guilty

6. If you pleaded not guilty, what kind of disciplinary hearing did you have? (Check one)
   ✔ Screening Officer Hearing
   ☐ Full Hearing

7. Did you testify at your disciplinary hearing?

   ✔ Yes  |  No

8. Did you appeal from the guilty determination and imposition of sanction(s)?

   ✔ Yes  |  No

9. If you did appeal, answer the following:

   a) Name and title of Reviewing Authority: Warden Dushan Zatecky

   b) Result: Denied. (Ex. A).

   c) Date of result: 11/1/2022

   d) Grounds raised:

   1) No evidence to reach a finding of guilt for the charged offense,

   2) Decision maker not impartial, and

   3) Exculpatory and material evidence ignored by decision maker.

   e) If you sought further review of the decision on appeal by a higher Reviewing Authority, please answer the following:

   1) Name and title of Higher Reviewing Authority: IDOC Appeal Review Officer M. Brown.

   2) Result: Denied. (Ex. B).

   3) Date of result: 11/29/2022

   4) Grounds raised: same as above at 9(d). (Ex. C).

10. Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or federal?

    Yes  |  ✔ No

11. If your answer to 10 was "yes," give the following information:
    (1) Name of court: NA
    (2) Nature of proceeding: NA
    (3) Grounds raised: NA

12. State *concisely* every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

**CAUTION:** In order to proceed in federal court, you must first exhaust all available administrative appellate remedies as to each ground on which you request relief from federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. It is suggested that you read *Marham v Clark*, 978 F.2d 993 (7th Cir. 1990) prior to filing this petition.

a) GROUND ONE: Whether there was 'any' evidence to support the alleged refusal of an order?
SUPPORTING FACTS (state *briefly* without citing cases or law):

Caseworker J. Fields based his report of conduct on his observation of me asleep in my bed at approximately 0900 hours. (Ex. D). This was not a violation of the housing unit rules written or otherwise ordered. Video footage of the vicinity of my bed location would show other offenders asleep in their beds at that same time, because offenders in that housing unit work various, random schedules and are not prohibited from sleeping at any particular time of day.

Instead, Caseworker J. Fields alleged I broke a rule stating that I was to make my bed "by 0730" according to an honor dorm agreement I signed when I moved into the housing unit. The honor dorm agreement I signed was not supplied to me as evidence, but it will be on file with this report of conduct as it was submitted as evidence during the disciplinary hearing. That rule, as it is written in plain language, says nothing as to the condition my bed may be in at 0900 or at any other time of day including times that I am in my bed asleep.

There was, in fact, no evidence submitted during the disciplinary hearing sufficient to find me guilty of refusing an order. The offense charged, C-347, was arbitrarily selected from a generic set of options listed in the IDOC Disciplinary Code for Adult Offenders for Class C offenses. (Ex. E at 12).

b) GROUND TWO: Whether the disciplinary hearing officer was impartial?
SUPPORTING FACTS (state *briefly* without citing cases or law)

I requested a review of video footage prior to a decision being made. The disciplinary hearing officer (DHO), Lt. C. Talbot, reviewed the footage, but refused my request to personally view the footage.

The video evidence must show that I awoke about 6:30-6:45AM and made my bed, because I was called out to legal mail on the morning in question. My bed remained in that orderly state until I returned from legal mail and laid back down at approximately 0725 hours according to Lt. C. Talbots stated observations from the video screening. I can neither confirm nor deny these observations, because I was denied access to a review of the footage due to security and safety concerns—an arbitrary denial all inmates at Putnamville Correctional Facility receive when requesting video evidence. (Ex. F).

If the video evidence provides proof of compliance with the rule I was charged with violating, then failure to acknowledge said proof must indicate bias.

c) GROUND THREE: Whether the video evidence was exculpatory and material?
SUPPORTING FACTS (state *briefly* without citing cases or law)

Once the video evidence is reviewed by this Court, it will be clear that the facts stated in this petition are true and accurate.

The video will show that I made my bed "by 0730"—meaning prior to or before—as was required by the aforementioned rule in question. Also, I did not refuse an order written or verbal, because I was not given an order of which I could refuse, and the evidence reviewed by the DHO during the disciplinary hearing does not demonstrate otherwise. (Ex. G).

In fact, there is 'no evidence' to support a finding of guilt for the alleged offense of refusing an order.

Furthermore, the video evidence reviewed by the DHO prior to the hearing is both material and exculpatory, because it is actual proof of compliance with the rule in question, and therefore, must be reviewed by this Court.

13. If any of the grounds listed in 12 A, B and C were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them at the administrative level:

Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?

Yes    |    ✔ No

14. Give the name, Title, and/or D.O.C. Numbers, if known, of each offender, of any staff or lay advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:

a) At Disciplinary hearing: Christopher Warl #218342

**WHEREFORE**, Petitioner prays the Court issue an order for the conduct violation to be vacated and the conviction expunged from his record to prevent future damages similar to the aforementioned housing change resulting from an arbitrary finding of guilt, and for all other justice and relief of which may be appropriate.

*[signature]*
Signature of Petitioner

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on:

DATE: April, 4, 2023

*[signature]*
Signature of Petitioner